No. 2745.—BOARD OF HAY INSPECTORS *v.* CHARLES PLEASANTS.

The charge of ten cents per bale for weighing and inspecting each bale of hay brought to the port of New Orleans for sale, imposed by the acts of the General Assembly of 1867 and 1868, without reference to the State or place where the hay is made, is not a regulation of commerce between the States which is prohibited to the States by article one of the Constitution of the United States. Nor, secondly, does this statute lay any impost or duty on imports or exports. It being, therefore, neither a regulation of commerce between the States, nor an impost nor duty on imports or exports, it is valid, notwithstanding the amount herein imposed may not be absolutely necessary for the enforcement of the inspection laws of the State.

APPEAL from the Fifth District Court, parish of Orleans. *Leaumont*, J. *Braughn & Ogden*, for plaintiffs and appellees. *Randolph, Singleton & Brown*, for defendant and appellant.

HOWE, J. The plaintiffs instituted this suit to recover from the defendant the sum of $315 60 for official compensation of plaintiffs for weighing and inspecting hay in accordance with the act of 1867, as amended September 18, 1868.

We have no jurisdiction of this cause, by reason of the amount in dispute. We can only, therefore, pass upon one of the questions raised in the case, and that is the constitutionality of the acts in question, so far as they are supposed to levy a "tax, toll or impost of any kind." Constitution 1868, article 74.

The defendant makes but one point on this branch of the case, namely, that the provisions of the statute by which the inspection of hay is made compulsory, and the plaintiffs allowed to charge ten cents per bale for the services which defendant was thus compelled to demand from them, are in conflict with those clauses of the first article of the Constitution of the United States which, firstly, confer on Congress the exclusive power to regulate commerce with foreign nations and between the States, and secondly, prohibit a State, without the consent of Congress, from laying any imposts or duties on imports or exports, except what may be absolutely necessary for executing its inspection laws.

The decisions of the Supreme Court of the United States in the recent cases of Woodruff v. Parham and Hinson v. Lott, 8 Wallace, 123, 148, furnish a complete answer to these objections of the defendant. The first arose out of a tax imposed by the city of Mobile on sales of merchandise, and upon the question of the regulation of commerce, the court said: "There is no attempt to discriminate injuriously against the products of other States or the rights of their citizens, and the case is not, therefore, an attempt to fetter commerce among the States or to deprive the citizens of other States of any privilege or immunity possessed by citizens of Alabama. But a law having such operation would, in our opinion, be an infringement of the provisons of the Constitution which relate to those subjects, and therefore void."

Upon the question whether the ordinance of the city of Mobile amounted to the prohibited impost or duty on imports, the court held that the term "impost," as used in the clause referred to, does not apply to articles imported from one State into another, but to articles imported from foreign countries into the United States, and that therefore the ordinance was not invalid, as in conflict with this clause of the Constitution of the United States.

The other case, Hinson v. Lott, arose from a tax of fifty cents per gallon imposed by the State of Alabama on liquors introduced into the State for sale, the same tax being also imposed on liquors manufactured in the State, and the plaintiff sought to resist the tax upon five barrels of whisky consigned to him by one Dexter, of the State of Ohio. The court held that, although the mode of collecting the tax on the article made in the State was different from the mode of collecting the tax on the article brought from another State into it, yet the amount paid was in fact the same on the same article, in whatever State made;.

that the law, therefore, did not discriminate against the products of sister States, but merely subjected them to the same rate of taxation paid by similar articles manufactured within the State; and accordingly it was not an attempt to regulate commerce, but an appropriate and legitimate exercise of the taxing power of the State.

Now, in the case at bar, the toll complained of is to be paid by every person who has hay inspected, whether the hay come from Louisiana or from other States. We gather from the record that the defendant's hay came from the Western States. It is certain that it was not imported from foreign countries, nor is it pretended that any hay is so imported. Upon the authority, therefore, of the cases above cited, we must conclude that the statutes in question do not violate the Constitution of the United States in the respects suggested, because:

*First*—They do not amount to the prohibited regulation of commerce between the States; and

*Second*—They do not lay any impost or duty on imports or exports.

The question whether the charge of ten cents per bale for inspection is "*absolutely necessary* for executing the inspection law" under consideration, has caused the taking of a mass of testimony in the record, and considerable argument. Having arrived, however, at the conclusion that the charge is in nowise "an impost or duty on imports or exports," we need not decide whether it is absolutely necessary for executing the inspection laws of the State. Not being included in the prohibition, it is not dependent for its validity upon a compliance with the rule of absolute necessity laid down in the exception to that prohibition. We may remark, however, that the charge of ten cents per bale in this case appears by the evidence to be a reasonable one.

Judgment affirmed.